## OLMSTED v. THE NATIONAL LIFE INSURANCE COMPANY.

PRACTICE IN THE SUPREME COURT: ASSIGNMENT OF ERRORS.

*Appeal from Polk District Court.*

THURSDAY, DECEMBER 8, 1880.

AT the October term, 1878, of the Dallas District Court, the defendant obtained a decree of foreclosure of a mortgage upon certain real estate. The mortgage was executed by John D. Rivers, who afterwards conveyed the mortgaged property to H. A. Olmsted. H. A. Olmsted conveyed to Willis Olmsted. He conveyed to Charles Olmsted, and said Charles conveyed to the plaintiff, James G. Olmsted. The original petition did not make any demand for personal judgment against James G. Olmsted. After the peti

tion was filed, the defendant filed an amendment thereto in which it was averred that Charles Olmsted conveyed the property to the plaintiff herein by warranty deed, and that said James G. Olmsted assumed and undertook to pay the said mortgage. In addition to the prayer in the original petition it was asked in the amendment that judgment be rendered against said James G. Olmsted for the amount of the mortgage.

Personal service of the notice of the amendment was duly made upon James G. Olmsted. He failed to appear to the action, and judgment was rendered against him as prayed. The mortgaged property was sold on special execution, and there being a balance of the judgment unpaid, a general execution was issued, and levied upon the property of James G. Olmsted.

Thereupon he commenced this action, in the Dallas District Court, to set aside the judgment against him, and alleged that the same was procured by fraud, and that he never in any way assumed the payment of said mortgage, and that he had no knowledge of the rendition of judgment against him, until after the close of the term of court at which it was rendered. The petition in this case was filed January 21, 1879. On the 31st day of March, 1879, the defendant filed a demurrer to the petition, and afterwards the cause was transferred to Polk county. On trial, the court refused to hear defendant on its demurrer until plaintiff had put all his testimony in. The defendant then declined to argue the demurrer and filed an answer. The answer took issue with the averments of the petition, and also contained other allegations. The defendant in its answer also asked judgment for the balance due on the mortgage with interest and costs and "ten per cent on said amount under Code, § 3162, and for such other order as may be equitable." Pending the trial the plaintiff offered to file a demurrer to the third and fifth divisions of the answer. Defendant objected and the objection was overruled. The record then recites that "Defendant to cut off plaintiff's argument withdraws division three of its answer as improperly pleaded under the Code, § 3158."

The court after hearing the evidence ordered that the judgment against the plaintiff, so far as the same affects him personally, be vacated and set aside, and enjoined the defendant from in any way attempting to enforce the same against the plaintiff or his property. The defendant appeals.

*A. G. Kingsbury,* for appellant.

No appearance for appellee.

ROTHROCK, J.—We have been at a loss to determine whether the plaintiff in this proceeding intends it as a petition for a new trial under the statute or an original action in chancery to set aside a judgment. The petition is entitled in equity. But the defendant withdraws part of its answer as improperly pleaded under § 3158 of the Code, which provides that the "defendant shall introduce no new cause and the cause of the petition shall alone be tried." And in its answer and upon the argument defendant demands judgment for damages as provided in § 3162, when a party fails in obtaining a new trial under the statute. The averments of the petition, with the excep-

tion that it is entitled in equity, are substantially those required by § 3157 of the Code, providing for applications for new trials. Section 3158 requires that all of the proceedings shall be conducted in the same way, as near as can be, as in original actions by ordinary proceedings. We think, although the action was tried in an irregular way, and the order of the trial provided by § 3160 of the Code was not observed, yet that it must be regarded as an ordinary petition under the Code for a new trial.

The foregoing examination of the question as to the character of the action is necessary because no errors are assigned by appellant. If we hold the petition to be under the statute, we cannot entertain the appeal. Assignments of error are required in all appeals in actions by ordinary proceedings. We think the action must be so regarded and that the judgment of the court below must be

AFFIRMED.